IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RICHARD J. FORTSON, III, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer GONZO, ELBERT COUNTY DETENTION CENTER AND ADMINISTRATION, | : | NO. 3:07-cv-38 (CDL) |
| Defendants | : | **O R D E R** |

Plaintiff **RICHARD J. FORTSON, III**, a former inmate at the Elbert County Detention Center in Elbert County, Georgia, and presently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff must nevertheless pay the full amount of the $350.00 filing fee, as explained later in this order.

*I. STANDARD OF REVIEW*

   *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

1

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss " if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that while he was confined at the Elbert County Detention Center (the "ECDC"), defendant Officer Gonzo mistreated plaintiff because plaintiff requested a grievance form. According to plaintiff, Gonzo threw papers in plaintiff's face, called plaintiff a "black bitch," and

threatened to kill plaintiff. Plaintiff contends the verbal abuse continued for the duration of his unspecified stay at the ECDC, during which plaintiff "feared for his life." Plaintiff's complaints to "jail administration" were allegedly ignored.

Plaintiff names as defendants Officer Gonzo, the ECDC, and its "Administration." Plaintiff seeks various forms of relief for the above alleged violations, including monetary damages. Plaintiff also asks that Officer Gonzo be discharged from his position at the ECDC.

### III. DISCUSSION

As an initial matter, the Court notes it has no authority to order that Officer Gonzo be fired. The decision whether to fire Officer Gonzo is for his supervisors within Elbert County, not this Court.

Regarding his claim for damages, plaintiff does not allege that he suffered any physical injury. Even if Officer Gonzo's actions could be construed as a threat of physical harm, mere threats, name calling, or verbal abuse do not amount to a violation of a federal constitutional right. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983). Thus, although Officer Gonzo's verbal remarks and other actions may have been offensive, they simply do not state a claim under section 1983.

Lastly, the Court notes that the ECDC and its "Administration" are not suable entities under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

### IV. CONCLUSION

The Court has carefully considered all allegations raised by plaintiff and finds them to be

without merit. In light of the above, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

    **SO ORDERED**, this ___7th__ day of May, 2007.


    __S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE